The opinion of the court was delivered by
Gibson, J.
In this cause there are two points on which the matters in controvery so much depend, that I shall confine myself to the consideration of them. The plaintiff declared in debt for the penalty in the articles of agreement; and the jury were directed, that as this was not an action, of damages for a. breach of the contract, but an action of debt in the nature of a bill for specific *244 performance, to recover the purchase money, the contract was to be carried into complete execution, by a recovery of the purchase money, or not at all: and that on the facts in evidence, the plaintiff was entitled to have the contract executed in specie.
The vendor, provided he has performed all the covenants which it was incumbent on him to perform, may, undoubtedly recover the purchase money, although the contract may not have been in part executed by delivery of the possession; after which, the vendee will be entitled to the land. Of this, where bond has been given for the purchase money, there cannot be a question; and where an action specifically for the purchase money, majr be brought on the articles, I do not see how the same result can be prevented. An action for the purchase money, produces the same fruit as a bill in equity; and we are compelled to resort to it, as a means of carrying the contract into full effect; permitting the defendant, under the plea of payment, to give in evidence every circumstance which would influence a Chancellor on a bill for specific performance. An action of covenant is essentially an action to recover damages for having disaffirmed the contract, and an election of that particular remedy, is a direct waiver of the plaintiff’s right to a specific performance, as well as an implied admission, that the defendant might disaffirm it on payment of a compensation in damages. The question then is simply, whether an action of debt for the penalty in articles of agreement, is an action for the purchase money. It is in form an action for a sum certain, undoubtedly: but what is the nature of such a penalty? It is not like a bond, conditioned for the payment of a debt, but for the performance of covenants, whether to pay money, or do any other actor thing; and it extends to all the covenants entered into by either party, being the security equally of both. In an action on it, the verdict is in debt for the whole penalty, but the sum actually to be recovered, is assessed as damages, on payment of which, the judgment for the penalty is to be released: and where judgment goes by default, no execution issues till a writ of inquiry of damages is executed. The vendee also, may have an action of debt on it, in which he may recover damages; but when he calls for specific performance of the contract, he does so by an action of ejectment for the land. It is then a security for damages for a breach of the contract, and for nothing else. So far did this notion prevail at one time, that in an old case, Bagg v. Foster, 1 Ch Ca. 188, where a husband on his marriage, entered into a bond for the settlement of certain lands on himself and his wife, and their heirs, the court inclined to think, the party had rested on the penalty, and refused, after a lapse of years, to decree a specific performance; and an application of someting like the same principle, is to be found in Collins v. Plummer, 1 P. Wins. 104. But at this day, the law undoubtedly is, that where specific performance is the principal object of the agreement, the penalty is only a collateral security, of which, in equity, neither *245 can take advantage by paying the penalty, and refusing to perform the agreement. But though the penalty be no bar to a decree for specific performance, it cannot strengthen the right of either party to a decree, nor be used as a means to obtain it. It is not disputed, that in debt for the penalty, the vendor may go for damages only, and retain the land; in which case, the breach must be assigned exactly in the same way as where lie would go for the purchase money, if that were permitted him; but after recovery, it would be difficult to say, what he went for, or, where less than the whole purchase money was recovered, whether the purchaser should be entitled to the land, as the sum found might have been given either as damages for the breach of the contract, or as pur® chase money reduced to that sum by defalcation or payment: But to permit him to go either for damages or the purchase money, according to the case he might be able to make out, would involve the absurdity of an arbitrary discretion in the jury, to hold the vendee to the bargain, or absolve him from it, on payment of a compensation in damages; which it was determined in Witman v. Ely, 4 Serg. & Rawle, 266, they cannot exercise. The vendor ought, therefore, to count specifically for the purchase money as such. That may be done in an action of debt, directly on the covenant to pay, by setting out the covenant, performance on his own part, and failure on the part of the vendee; and concluding in the usual form, that by reason of the premises, action hath accrued to the plaintiff, to have and demand of the defendant, &c. Debt on covenant may be supported at the common law; and here, where we have no Court of Chancery, we ought to support it liberally. I know of no difficulty in the way of such an action, except that, perhaps, where the purchase money is payable by instalments, it might possibly admit of a doubt, whether the vendor, after having recovered one instalment, could bring a second action on the covenant; or whether he would have to wait till all the instalments should be due; a matter about which I intimate no opinion. To give effect to the principles of equity, in actions strictly according to common law forms, is no easy task; and technical rules, growing out of those forms, will often necessarily have to yield to the attainment of justice, which may require even new forms of action to be invented; as was done in Lang v. Keppele, 1 Binn. 123. Where the contract rests on the articles alone, and the vendee has not taken possession, I know of no way in which he can be held to the bargain, but by an action of debt on his covenant to pay. Where, however, the possession has been delivered, it is usual to recover the purchase money in an action of covenant, or of debt for the penalty; and to this I see no objection, for the damages can be nothing else than the amount of the purchase money due. There was error then in directing the jury, that nothing less than the purchase money could be given, when an action in this form could be maintained, only for damages for breach of the contract.
*246 But if the plaintiff had declared for the price of the laud, could he have recovered ? There were incumbrances, which were not removed when the suit was brought. Although this may have been no objection to the action, with a view to damages, as there was some evidence of the defendant having discharged the plaintiff beforehand from tendering a title, or rather of his having waived it, which when properly pleaded, is an excuse for the want of actual performance; yet where the action is for the purchase money, the plaintiff should leave nothing undone, the omission of which, might be construed into an acquiescence in the defendant’s determination not to execute the contract in specie : and it would be inequitable, that the vendee should pay, without having received any title at all, or that the vendor should recover without having done all he could to make a good 'one. Chancery will not execute the contract before the vendee has had an opportunity to receive all he bargained for. The vendor should, therefore, complete the removal of incumbrances, so that he may be in a condition to tender a title, at least before suit is brought, notwithstanding he may have been discharged by the vendee. This I admit, is not the rule in Chancery ; but that court having a discretionary power over the costs, does complete justicé, by taking care, that the purchaser have a title before a decree is pronounced against him; and therefore, the contract will be enforced, where the vendor has a title, at any time before the decree. Indeed, where there has been a reference to a master, and a report in favour of the title, it is frequently referred back, with a view to the costs, to inquire whether a title could have been made at the filing of the bill. In this respect, however, we are controlled by the common law form of the action, costs being in all cases an incident of the judgment; and the vendor must, therefore, show that he was entitled to call for specific performance when the suit was brought. It is said, the object of the sdle may have been to raise- money to pay off these very incumbrances, and it would be hard to permit the. vendee to object, while he retains the means by which alone the ground of his objection can bo removed. But if such were the object, it should be provided for in the contract; for I can see no equity arising to a vendor, who covenants positively to make a good title, and cannot, because the vendee refuses, in the first instance, to receive a bad title. Where the contract has been in part executed by a delivery of the possession, this may be no bar to a demand for the purchase money, beyond what may be found necessary to be retained for the purpose of extinguishing incumbrances; but that presents a very different question, from that which arises where a vendee., who has already entered on the execution of the contract, objects to being held to the bargain, without having received what he bargained for.
But there is another objection, which would be decisive. The vendor, after the time when he was to have made the title, mortgaged the premises for a sum of money. By thus treating the pro *247 perty as his own, he acquiesced in the determination of the vendor to rescind the contract, so far as to preclude him from demanding the specific execution of it; and elected to rest on the covenant, or penalty, for damages. The act of disaffirmance of his right to call for specific performance, made the property his own. I see no difference, in this respect, between an absolute and a conditional sale; eaeh is equally a disposition of the property inconsistent with its being in equity the property of the vendee. Certainly after bill filed, chancery would restrain the vendor from mortgaging as readily as from selling. The hardship of the vendor being unable to raise money by any other means, is one with which the vendee has nothing to do. Backwardness, or trifling, is a good reason not to interfere in behalf of a party who has practiced it; and I can see no equity arising to a vendor, who instead of putting himself in a condition to make a title before bringing the suit voluntarily incumbers the property still further, and treats it in a manner inconsistent with his claim to hold the vendee to the contract. On all these grounds, therefore, I am of opinion there is error in this record. Whether the plaintiff may not still be able to recover damages in this suit for the loss of the bargain, will depend on the ease he may be able to lay before a jury: at present, all I say is, that damages, and not the price of the land, are the legitimate fruit of an action in this form.
Judgment reversed, and a venire de novo awarded.