# Irvine *against* Bull.

A specific performance of an unexecuted verbal bargain for the purchase and sale of land cannot be enforced by action : and a conditional verdict, in an action on such contract, for a certain sum, to be released upon the execution and delivery of a deed, is erroneous.

The want of a cause of action in a declaration, is a defect which is not cured by a verdict.

ERROR to the common pleas of *Bradford* county.

This was an action on the case by David M. Bull against Andrew Irvine, in which the plaintiff's cause of action was thus set out.

"That he, the said Andrew Irvine, heretofore, to wit on the 1st day of June in the year 1828, at Bradford county aforesaid, for and in consideration of the sum of 50 dollars to be paid by the said David to him the said Andrew, he the said Andrew undertook, and faithfully promised the said David to execute a good and sufficient deed to convey to the said David, his heirs and assigns, for ever, a certain town lot, situate in the borough of Towanda, &c., whenever he, the said Andrew, shall be requested or required so to do. And now, in fact, the said David saith, that afterwards, to wit on the 1st day of April A. D. 1831, and at divers other times before and since, the said David tendered to him, the said Andrew, the 50 dollars above mentioned, with interest thereon, and requested

[Irvine v. Bull.]

him, the said Andrew, to execute a conveyance of the lot aforesaid, in pursuance of his undertaking aforesaid.

"And also the said David, by his entry, further complains that the said Andrew, on or about the 1st day of June A. D. 1831, at Bradford county aforesaid, in consideration that he, said David, had promised to pay to him, the said Andrew, the further sum of 50 dollars, he, the said Andrew undertook, and faithfully promised the said David to convey to him a certain other lot, situate in the borough of Towanda, &c., whenever he, the said David, should pay to him, the said Andrew, the said sum of 50 dollars and interest thereon; and the said David avers that afterwards, in the year 1831 and since, he, the said David, tendered to him, the said Andrew, the said sum of 50 dollars, and lawful interest thereon, and requested him, the said Andrew, to convey the lot aforesaid to him, the said David. Notwithstanding, the said Andrew, his said promises and undertakings not regarding, but intending to injure and craftily defraud the said David, hath never executed a conveyance of either of the said two lots, and wholly refuses and neglects to do so, although often requested, to the damage of the said David the sum of 500 dollars, and for the recovery of which he brings suit."

On the 30th of August 1832 the plaintiff filed this stipulation.

"This action is brought in consequence of the defendant's breach of his agreement to convey to plaintiff a certain lot in the borough of Towanda, adjoining on the north the street running west from the river called Pine Street, Second Street on the west, widow Meab's on the south, and a lot formerly occupied by Clark Conlay on the east, containing one fourth of an acre, more or less. Now the plaintiff hereby stipulates to enter satisfaction on the judgment he may recover in his action, on defendant's paying the costs of the suit, and executing a conveyance pursuant to the contract made in 1828, for the said lots, in fee simple, within one month from this date. September 13th, 1833, this offer renewed, and plaintiff offers to accept a conveyance according to the minutes of survey made by E. Mason, Esq., at defendant's request."

The contract was proved by the plaintiff, and he brought the purchase money into court in pursuance of a tender which he had made of it.

The jury, under the direction of the court, rendered this verdict: "that they find for the plaintiff the sum of 300 dollars and costs, the amount of damages to be released upon condition that the defendant shall make to the plaintiff a good and sufficient deed of the lot described in the declaration as surveyed by E. Mason, Esq. And on condition that defendant make such a deed, he shall be entitled to 50 dollars of the money now in court." Upon which the court rendered a judgment.

*Williston* and *Conyngham*, for the plaintiff in error, contended, that the plaintiff's declaration contained no cause of action which could be enforced; and that the conditional verdict was erroneous. If

[Irvine v. Bull.]

the plaintiff could recover at all in an action at law, it would be but damages, and then not upon a declaration like this. 5 *Serg. & Rawle* 358; 1 *Caines's Rep.* 583; 1 *Madd. Cha.* 409; *Sugd. Vend.* 158.

*Donnel,* for defendant in error, cited, 1 *Chitt. Pl.* 298; Clyde *v.* Clyde, 1 *Yeates* 93; Walker *v.* Butz, *Ibid.* 574; Miller *v.* Milford, 2 *Serg. & Rawle* 35; Nicholas *v.* Wolfersberger, 5 *Serg. & Rawle* 167.

The opinion of the Court was delivered by

GIBSON, C. J.—A conditional verdict is bad at common law; and it is sustainable here but as an instrument of equity. For what equitable purpose was it employed? Unquestionably to enforce a specific execution of the contract, not to give damages for the breach of it. As a means of enforcing a common law object, it would be incurably vicious: it would be absurd. Now I take it to be indisputable, that a jury may not enforce a specific execution by verdict where a chancellor would not enforce it by decree. Would, therefore, a chancellor execute the contract set out in this declaration? A plaintiff must lay such a contract as will support his action, and he must, in a case like the present, lay such a contract as a chancellor would execute. Such is the principle of Huber *v.* Burke, 11 *Serg. & Rawle* 238, in which it was determined that a vendor who goes for specific performance, must indicate it by his declaration, instead of laying a cause of action that would otherwise entitle him but to damages. That was the case of a vendor who had recovered a verdict for the purchase money; but the principle is equally pertinent to the case of a vendee who goes for the land. Nor is a defect in this respect cured by a verdict which helps, not the want of a cause of action, but a defect in the manner of stating it. Now here there was no equitable cause of action set forth, for a respondent might safely demur to a bill containing the substance of this declaration. It contains, indeed, the substance of a legal cause of action; but, for purposes of equitable relief, that is no cause of action at all. The contract is neither laid to be in writing nor as having been partly executed; and it is therefore to be taken as an unexecuted verbal bargain, to an action on which, for any thing but damages, the statute of frauds presents a positive bar. The policy of requiring the title to relief to be specially set out, is strikingly evinced by the present case, in which, though it is not pretended that the contract was in writing or partly executed, it is only by means of this rule that the court, in the last resort, and the conservative organ of the law, can prevent a positive statute from being manifestly violated; and it can produce neither injustice nor inconvenience to narrow the plaintiff's recourse to a specific ground, as a count for equitable relief may be joined with a count for damages at law. This disposes of all that it is, at present, necessary to decide; for though the cause is to go back to enable the plaintiff to proceed for damages, yet the objections to the declaration on common law

IV.—2 M

[Irvine v. Bull.]

grounds, whether well or ill founded, may be obviated by the amendments to which he will be entitled, and which prudence, to say the least, will induce him to demand.

Judgment reversed, and a *venire de novo* awarded.