## HICKLING v. FITCH.

April 23, 1836.

*Rule to show cause why a non suit should not be taken off.*

Where A, an agent, whose principal B is unknown at the time of the transaction, deals with and makes a contract of sale in his own name with C; in an action by C against B on such contract, A is not a competent witness for the plaintiff to prove the agency and the contract, without a release from C.

THIS cause was tried before STROUD, J.   It was an action of *assumpsit.*   The plaintiff stated in his declaration, that the defendant had, on, &c., bargained for and bought of the plaintiff twenty shares of Louisville and Portland Canal stock, at the rate or price of 100 dollars per share, to be delivered within a reasonable time, and to be paid for on delivery ; that a tender of the stock was made in a reasonable time, to wit, on, &c., and that the defendant neglected and refused to accept of the same or to pay for the same ; that thereupon the plaintiff sold the same by public sale for a much less sum, &c.

The action was brought to recover the amount of the deficiency, with charges.   The plea was *non assumpsit,* &c.

On the trial it was stated, in the opening of the plaintiff's counsel, that the plaintiff had made the contract with one William L. Booth (a broker), acting in his own name, the defendant not being known to the plaintiff at the time in the transaction.

Mr Booth being absent, his deposition taken with a cross-examination was then offered to prove this contract, and that though Booth had not disclosed the name of Fitch as the principal till after the stock was handed over to Booth, yet that he, Booth, had acted as agent for Fitch, and with his authority, to purchase the stock on Fitch's account.

The testimony was objected to by the defendant's counsel on the ground that without a release Booth was directly interested in the event of the cause.   The objection was sustained by the court, whereupon the plaintiff suffered a non suit.

The plaintiff obtained a rule to show cause why the non suit should not be taken off.

[Hickling v. Fitch.]

The rule was supported by *Chester*, for the plaintiff; and opposed by *Randall* and *Bradford*, for the defendant.

The following authorities were cited : 1 *Starkie on Ev.* 83 ; 2 *Starkie on Ev.* 704 ; 2 *Dall. Rep.* 300 ; 10 *Serg. & Rawle* 251 ; 3 *Johns. Rep.* 399 ; 8 *Cowen's Rep.* 215, 260 ; 3 *Campb. Rep.* 317 ; 22 *Eng. C. L. Rep.* 434.

The opinion of the Court was delivered by

PETTIT, *President.*—Whether Booth was known to carry on the general business of a broker or not, is of no importance, inasmuch as it is admitted that he made, in his own name, the particular contract upon which the plaintiff's claim is founded. Had he then a legal, certain and immediate interest in the event of this cause ? He is *prima facie* liable to an action by the plaintiff. In such an action, a verdict in this suit against Fitch could be given in evidence by Booth, to show that the plaintiff had adopted Fitch as the real party, and would preclude a recovery against Booth. Booth was then directly interested in the result of this suit. The point is very different from that just decided in this court in the case of Reid *v.* Geoghehan,(a) where in an action by the indorsee against the indorser of a promissory note, it was held that the drawer might be a witness to prove the handwriting of the indorser. There, notwithstanding a verdict against the indorser, the plaintiff would be at full liberty to proceed against the drawer, until he obtained satisfaction. The very point of the case at bar was ruled by lord Ellenborough, at *Nisi Prius*, in M'Brain *v.* Fortune, 3 *Campb. Rep.* 317. His decision was confirmed by all the judges of the court of common pleas in Ripley *v.* Thompson, 12 *Moore* 55, 22 *Eng. C. L. Rep.* 433. Both upon principle and authority then the testimony offered was properly rejected.

Rule discharged.

(a)   *Ante page* 204.