[PHILADELPHIA, DECEMBER 31st, 1836.]

## M'FADDEN *against* ERWIN.

### IN ERROR.

1. In assumpsit on a promissory note drawn by the defendant in favour of the plaintiff, it appeared that the plaintiff and defendant had been concerned together in a contract made with a canal company, for the construction of a portion of the canal: *Held,* that evidence was admissible on the part of the defendant, by way of set-off to the plaintiff's claim, that he (the defendant) had made certain payments for materials and labour in reference to the said contract, to an amount exceeding the plaintiff's claims and leaving a balance due to him.
2. *It seems,* that since the act of 4th April, 1831, a claim for a balance arising from partnership transactions, may be set off in *assumpsit,* although such balance has not been ascertained by auditors in an action of account.

THIS was a writ of error to the District Court for the city and and county of Philadelphia, to remove the record of an action on the case, brought by James Erwin against William M'Fadden.

The plaintiff declared in *assumpsit* on a promissory note or 'due bill' drawn by the defendant in his favour, for the sum of one hundred dollars payable on demand.

The defendant pleaded *non assumpsit* and payment, with leave to give the special matter in evidence; and in pursuance of the rule of Court, gave the following notices to the plaintiff: viz.—

"Sir,—You are requested to take notice that the above-named defendant, on the trial of this cause, will give in evidence and insist that the above-named plaintiff, James Erwin, before and at the commencement of this suit, to wit, on the 5th of April, 1830, at the county aforesaid, was and still is indebted to the said defendant in a large sum of money, to wit, the sum of fourteen hundred and seventeen dollars and sixty-seven cents, for so much money by the said defendant, for the use of the said James Erwin, (the plaintiff) and at his special instance and request, lent, advanced, paid, laid out and expended in paying labourers who worked at a section of the canal on the river Schuylkill, at Flat-rock, in the county of Philadelphia; and also in a further sum of money, to wit, the sum of three hundred and seventy-six dollars and fourteen cents, for so much money lent, advanced, paid, laid out and expended by the said defendant, for the use of the said plaintiff at his like special instance, for powder for blowing or blasting rocks at the said section of the said canal, paid to Peter and Henry Rankin; and also, in a further sum of money, to wit, the sum of one hundred dollars, for so much

(M'Fadden *v.* Erwin.)

money lent, advanced, paid, laid out and expended by the said defendant, for the use of the said plaintiff, James Erwin, and at his like special instance and request, for making, repairing and putting in order tools and implements for working at the said section of the said canal; and also, in a further sum of money, to wit, in the sum of seventy dollars lent, advanced, paid, laid out and expended by the said defendant, for the use of the said plaintiff, James Erwin, and at his like special instance and request, being the amount of a note dated the 22d of March, 1829, for seventy dollars in favour of George M'Fetridge, signed M'Fadden and Erwin; and also, in the further sum of fifty-three dollars and one cent, for divers goods, wares and merchandize sold and delivered by the said defendant to the said plaintiff, James Erwin, and at his like special instance and request; and also, in a further sum of money, to wit, the sum of two hundred dollars for the work and labour, care and diligence of the said defendant in and about the affairs and business of the said plaintiff, James Erwin, in relation to the said section of the said canal; and also, in a further sum of money, to wit, the sum of fifteen hundred dollars for so much money heretofore, to wit, on the 5th day of April 1830, in the county of Philadelphia, by the said defendant, for the use of the said plaintiff, James Erwin, and at his like special instance and request, lent, advanced, paid, laid out and expended; and that the said defendant will set off and allow to the said plaintiff, on the said trial, so much of the said sums so due and owing from the said plaintiff to the said defendant, against any demand of the said plaintiff to be proved on the said trial as will be sufficient to satisfy and discharge such demand according to the form of the statute in such case made and provided."

" Sir,—In addition to the notice heretofore given, you are requested further to take notice that, on the trial of the above cause, the defendant will give evidence to show that the widening of the canal at Flat-rock, on the river Schuylkill, commenced in or about the fall of the year 1829, was considered, carried on and done as a joint business or partnership between the said James Erwin and William M'Fadden; and that there is due from the said Erwin to the said M'Fadden a large balance resulting from the said joint business or partnership, to wit, a balance of two hundred and fifty dollars, which the said M'Fadden will give in evidence as a set-off against the demand of the plaintiff in the said action on the trial thereof."

On the trial before JONES, J. on the 10th of November, 1835, it appeared that the plaintiff had taken a contract with the Schuylkill Navigation Company for widening a portion of the Schuylkill canal in the autumn or winter of 1829, and had joined the defendant with him in the undertaking, in the character of a partner. The defendant then offered to prove that he had expended divers sums of money for materials, and the wages of labour in the performance of

the contract; and that there was an actual balance due to him over and above the money received on the contract, of a sum of money exceeding the amount claimed by the plaintiff in this action.

The evidence so offered was objected to on the part of the plaintiff, and the Judge refused to receive it on the ground that it was " evidence of unliquidated damages depending upon an unsettled account between the parties, which could not be tried in this collateral proceeding." The defendant's counsel excepted to this decision; and a verdict having been given for the plaintiff, the cause was removed to this Court.

The only error assigned was the rejection of the evidence.

Mr. *Keemle*, for the plaintiff in error, cited *Stiles* v. *Donaldson*, (2 *Dall.* 264.) *Brubacker* v. *Robinson*, (3 *Penn. Rep.* 295.) *Galbraith* v. *Moore*, (2 *Watts*, 86.)

Mr. *Isaac Norris*, contra, cited *Campbell* v. *Calhoun*, (1 *Penn. Rep.* 140.) *Patton* v. *Ash*, (7 *Serg. & Rawle*, 116.) *Steigleman* v. *Jeffries*, (1 *Serg. & Rawle*, 477.)

The opinion of the Court was delivered by

KENNEDY, J.—The rejection of the evidence, offered by the defendant below in support of his claim against the plaintiff there, as a set-off to the demand of the latter, is attempted to be supported upon two grounds: *First*, Because it was, as is alleged, a claim for unliquidated damages: and *second*, Because it was a claim growing out of a partnership entered into between the plaintiff and the defendant for excavating a section of a certain canal.

In regard to the first ground, it is certainly a misapprehension of the true character of the demand, which the defendant below offered to prove against the plaintiff, to consider it a claim of unliquidated damages, or as being, from its nature, so uncertain as to be incapable of being reduced to certainty, and therefore not such as may be set up by the defendant under our defalcation act as a defence, either in whole or in part, to the plaintiff's demand. Damages claimed for a breach of contract by one party against the other, on account of having done an act contrary to his agreement, or for not having performed an act, which by his agreement he was bound to do, may be deemed unliquidated in this sense, when the injury done or suffered is of such a nature as to furnish no fixed or certain rule for the measure of the damages thereby sustained: but surely this cannot be said of the defendant's claim here, which was for money paid, laid out and expended by him, as he alleges, for the use of the plaintiff, who according to the agreement between them, was bound to reimburse him. The measure of the damages or the amount, which the defendant would have a right to recover in such case, is perfectly certain and well settled. For though the

claim may consist of various sums of money paid at different times, yet upon its being shown by satisfactory evidence, that they were paid for the use of the plaintiff, under circumstances which impose upon him the obligation of reimbursement, the aggregate thereof with interest thereon, from the times of payment, becomes the measure of the damages or sum that the defendant is entitled to be allowed, and is capable of being ascertained with mathematical certainty.

Then as to the second ground taken in support of the rejection of the evidence, it appears to be equally untenable. For admitting that the defendant and the plaintiff stood in the relation of co-partners, and that the moneys advanced and paid by the defendant, for which he claims to be reimbursed, were paid by him as the co-partner of the plaintiff, it cannot be denied, if he has thus paid more than his due proportion, that the plaintiff is bound to reimburse him, so far that the gain or loss of each may be equalized according to his interest under their partnership agreement. But it has been objected, that such over-payment, and the amount thereof ought first to have been ascertained by a settlement between the parties in some way, before it can be made the subject of a set-off: if the defendant, however, has made such over-payment, as he alleges, and a jury be competent to decide on this fact, and to ascertain the amount thereof, there is certainly no good reason why the matter should not be submitted to them for that purpose. The partnership between the plaintiff and the defendant, it would seem, was formed with a view to accomplish a single object, and being by its terms confined to one transaction only, that of excavating a section or small part of a canal, it cannot be supposed that the labour done and the money paid out on account thereof were very complex, and such as to require auditors to settle and adjust the accounts relative thereto between the parties. This being the case, the matters in controversy, growing out of the partnership here, could have been determined more speedily and quite as well by the jury as by auditors, and therefore ought to have been submitted to them. This doctrine was laid down in *Brubacker* v. *Robinson,* (3 *Penn. Rep.* 295); and the case ruled in accordance with it; as also the case of *Galbraith* v. *Moore* afterwards, (2 *Watts,* 86.) But even if it were a partnership involving a series of transactions and matters of account of the greatest complexity, the jury are now made perfectly competent to the task of settling and adjusting the accounts of the parties by the act of assembly of the 4th of April, 1831, Pamph. L. 492. It is thereby enacted "that in all actions of account-render, the jury before whom the same shall be tried, shall have full power to settle the accounts of the parties, and find in favour of the plaintiff or of one or more of the defendants, such sum or sums as shall appear to be due." By this act, it would seem, that every objection, which stood previously thereto in the way of referring the settlement of partnership accounts to a jury, is

(M'Fadden *v.* Erwin.)

completely removed, however complicated they may be.    Anterior to the passage of this act, it was deemed necessary to have auditors appointed to state and settle complicated accounts of a co-partnership; and as auditors could not be appointed by the authority of the Court, without the consent of the parties, in any other form of action than that of account-render, *assumpsit* was therefore held not to lie for one partner against another, to compel the payment of money received by the latter beyond his due proportion, nor for the reimbursement of moneys paid by the former beyond what his interest in the partnership required : but the form of the action, whether *assumpsit* or account-render, would seem now not to be material, seeing the settlement of the accounts is to be made, not by auditors, but by a jury, who can have all the lights and facilities to enable them to do so in the one form of action that they could have in the other.    We therefore think it is no objection to the receiving of the defendant's claim as a set-off in this case against the plaintiff's demand, that it arises out of a partnership-transaction and renders a settlement of the accounts thereof necessary to be made by the jury.

Judgment reversed, and a *venire de novo* awarded.