# J. C. Carner and J. N. Johnston, Appellants, *v.* M. J. Peters.

*Parol contract affecting land—Measure of damages.*

On the breach of a parol agreement to buy a quarter interest in an oil lease, there being no evidence of fraud or bad faith or of actual damage incurred, and no resale of the lease or tender of deed by the vendors, no more than nominal damages can be recovered. The vendors cannot retain the property and recover part or whole of the price.

Argued May 11, 1898. Appeal, No. 117, April T., 1898, by plaintiffs, from judgment of C. P. Butler Co., June T., 1897, No. 12, on verdict for plaintiffs. Before RICE, P. J., WICK-HAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Reversed.

Assumpsit. Before GREER, P. J.

The court below submitted all the questions of fact in controversy between the parties to the jury, but reserved the question of law as to whether plaintiffs could recover, by reason of the contract having been in parol, with the right to enter judgment for the defendant, non obstante veredicto.

The jury found a verdict for plaintiffs for $800 and costs of suit.

The facts sufficiently appear from the following extracts of the opinion of GREER, P. J., entering judgment for defendant on the question of law reserved:

This is an action of assumpsit brought by the plaintiffs against the defendant to recover damages for the breach of a parol contract made between them, in which the defendant agreed to pay them $1,400 for an undivided one-fourth interest in three oil and gas leases in Penn township, Butler county, made for terms longer than three years, and each lease having more than three years to run, and in all containing about eighty acres.

The only question for settlement is the true measure of damages. The plaintiffs were the owners of this property in October, 1893, and had a well on one farm—the Wagner—drilled down near the third sand. The contract was a verbal one and never put in writing or signed by the parties. It provided

that the defendant, Peters, would pay the plaintiffs, Carner and Johnston, $1,400 for an undivided one fourth in the three leases and the drilling well, and the plaintiffs who were then drilling were to go on and drill the well to the oil bearing rock. The well when completed was a dry hole ; it failed to produce oil.   The plaintiffs called upon the defendant for the purchase money, but he refused to pay it, and this suit was brought to recover damages.

Both parties admit the breach of the parol contract, and on the trial of the cause the defendant alleged fraud and misrepresentations on part of the plaintiffs at the making of the contract, and that by an agreement the contract of sale was declared off and both parties released from all its terms.

The court, being anxious to hear the plaintiffs fully on their position, submitted the facts to the jury for its determination as to the fraud and misrepresentations alleged by the defendant to have been made by the plaintiffs, and as to whether or not the contract had been canceled, reserving the question of law raised in the defendant's points to be afterwards considered by the court, with the right to enter judgment for the defendant notwithstanding the verdict, and the jury found a verdict in favor of the plaintiffs for $800.

After a full argument by the attorneys and careful consideration of the position raised by the plaintiffs I am not convinced that it can be sustained.   It is admitted on both sides that the contract was in parol and that there was no compliance with it on part of the defendant.   The mere fact of the refusal on part of Peters to pay the purchase money and take the assignment is not evidence of fraud, and there is nothing else in the case to show any fraud ; it is not even alleged in the plaintiffs' statement of claim and it would have been error to submit the case to the jury without reserving the question of law.

The plaintiffs were drilling the well at the time the contract was made and continued on drilling as before.   There is no proof that they expended any money on account of this contract that they would not have done, or that they were put to any cost or outlay by it ; they were presumed to know that their contract could not be enforced should the defendant refuse to execute it and pay the money ; a few minutes' writing would have made the matter secure to all parties ; this was not done ;

each party took the risk of the other party's failure to fulfil his part of the contract.

The case of Rineer v. Collins, 156 Pa. 342, and cases therein cited, fully sustains this conclusion and warrants the court in entering judgment in favor of the defendant notwithstanding the verdict.

Now, March 1, 1897, this case having been fully heard on argument and duly considered by the court on the question of law reserved, judgment is hereby entered in favor of the defendant notwithstanding the verdict.

Plaintiffs appealed.

*Error assigned* was entering judgment non obstante veredicto in favor of defendant.

*J. M. Galbreath* of *McJunkin & Galbreath*, with him *W. H. Lusk*, for appellants.—Under these circumstances are plaintiffs entitled to recover damages for the admitted breach of this contract, and if so, what is the measure of the damage they have sustained?

On the authority of Rineer v. Collins, 156 Pa. 342, cited in the opinion of the court below on entering judgment for defendant, the plaintiffs were entitled to at least nominal damages, and therefore to a verdict and judgment in their favor. We go further and contend that the authority of the case cited does not militate against the position of plaintiffs in the present case that the measure of their damage is not simply nominal damages, nor yet compensatory alone, but the loss of their bargain.

It is true that the case cited was an action by the vendee to recover damages for breach of a written contract. As between vendor and vendee the rule is mutual, and, the action being for a breach of the contract, the measure of damages is the same, whether the contract be verbal or in writing : Ellet v. Paxson, 2 W. & S. 418; Bowser v. Cessna, 62 Pa. 148.

In the present case the defendant entered into the contract, placed himself in position to observe the operations and to profit by the result, and when the result was failure, when the value of the property was gone and the opportunity on part of plaintiffs to sell to others on as good terms as to defendant had also vanished, his refusal to carry out the contract can only be con-

sidered as evidence of a fraudulent purpose from the beginning, which would subject him to answer in damages to plaintiffs, not nominal alone but for the loss of their bargain : Thompson v. Sheplar, 72 Pa. 160.

*T. C. Campbell,* for appellee.—We rely in this case for affirmance upon Rineer v. Collins, 156 Pa. 342, cited by the court below. With the cases reviewed in it, and especially Sausser ·v. Steinmetz, 88 Pa. 324, it contains the whole law of the case.

OPINION BY SMITH, J., November 21, 1898 :

On a contract of sale, at common law, if the vendee refused to comply, the vendor might either tender performance and sue for the price, or resell and hold the vendee for the difference between the price thus obtained and the contract price. The statute of frauds has modified this rule as to parol contracts for the sale of land, and leases for more than three years ; in effect, prohibiting the recovery of the contract price in such cases. The vendor, however, may still resell, and hold the vendee for the difference in prices : Ewing v. Tees, 1 Binney, 450 ; Irvine v. Bull, 4 Watts, 287 ; 7 Watts, 323 ; Ashcom v. Smith, 2 P. & W. 211 ; Bowser v. Cessna, 62 Pa. 148. But while this right of the vendor to resell and recover the difference is supported by the authorities cited, it should be noticed that later cases emphasize the doctrine that parol contracts relating to the sale or demise of real estate, when within the statute of frauds, cannot be made a basis upon which to recover damages for the loss of the bargain, or for what may amount, equivalently, to specific enforcement, in the absence of fraud in the contract or proof of special injury caused by the refusal to perform. It may well be doubted whether, under the trend of the later decisions, a vendor can recover the difference in price on a resale where this amounts, substantially, to all the pecuniary advantage to be derived from specific performance of the contract, in the absence of fraud or of direct loss growing out of the breach. But we are not now required to decide that question.

In the case before us there was no proof of fraud or bad faith in the original agreement, nor was there any evidence to show that the vendors were misled or otherwise injured by the parol

contract, or by the failure of the defendant to fulfil it.   The vendors did not resell the interest contracted for by the vendee, and it does not appear that they ever tendered him a deed or other instrument of title therefor.   They retained this interest and now seek to hold him for the difference between its estimated value and the contract price.

There is no authority for such a course.   The vendors cannot retain the property and recover part of its price.   On the vendee's default they have a right to rescind the contract, and the unequivocal retention of the property operates as a rescission.   Such rescission puts an end to the contract as the basis of an action for substantial damages.   We think, however, that the plaintiffs are entitled to a judgment for nominal damages. While no actual damages have been shown, and no invasion of a legal right is apparent, yet, it would appear from the decisions on this question, that a verdict should have been rendered for the plaintiffs for nominal damages.   It will not be necessary to send the case back for this purpose, as this court has the power to enter the proper judgment.

The judgment of the court below is reversed and judgment is now entered for the plaintiffs and against the defendant for six cents damages and costs.