## George *against* Bartoner.

An action on the case may be maintained on an unexecuted parol contract for the purchase and sale of land.

ERROR to the common pleas of *Westmoreland* county.

Jacob Bartoner against Henry George.  Action on the case for damages on a parol contract for the sale of a lot of ground.

The defendant entered into a parol agreement with the plaintiff to sell to him a lot of ground for 250 dollars; 10 dollars of which was paid when the contract was made, and the residue was to be paid at a future day, when the deed was to be executed and delivered.  The lot had belonged to the father of the defendant, who died intestate, and the defendant, when he made the contract, expected to take the lot at the appraisement in the orphan's court, under the intestate laws; but an elder brother took it, and thus put it out of the defendant's power to comply with his contract: and this action was brought.

The court below (White, President) instructed the jury that the plaintiff was entitled to recover.

*Beaver,* for plaintiff in error.

The agreement proved in this case was, that Henry George, the defendant below, sold the land to Jacob Bartoner, the plaintiff below, for 250 dollars, and was to go at the next court and take the land at the appraisement, and then he was to make a deed and take it to Bartoner's house and lift the purchase money.  Contracts must be construed reasonably, according to the subject matter of them, and the rights of the parties; the whole is to be viewed and compared in all its parts, so as to be made consistent and effectual, and if words are susceptible of two senses, one agreeable to and the other against law, the former sense shall prevail.  *Hob.* 71; 2 *Kent's Com.* 555; 1 *Term Rep.* 703; *Chitty on Con.* 19, 20; *Co. Litt.* 42; 2 *Bl. Comm.* 380.  An agreement therefore by a distributee of an intestate's real estate, to sell said estate for 250 dollars, and go at the next court and take the said estate at the appraisement, and then convey to the vendee and receive the purchase money, is a contingent agreement.  This construction is consistent with the law and the rights of the parties; and to hold the agreement proved in this case to be a contract to sell and convey the land at a future day, whether the vendor became vested with the title or not, would be to reject part of the agreement, and infer from the residue that the parties stipulated to do what was contrary to law, and inconsistent with their

[George v. Bartoner.]

rights. This latter construction of the agreement is opposed by all the authorities above cited.

The contingency upon which the agreement was predicated never happened; George was not in default, he acted in good faith in relation to the agreement: therefore a court of equity would have relieved George against his contract whenever it became impossible for him to perform it; Smith *v.* Morris, 2 *B. C. C.* 311; and a court of law could not justly assess damages against him on his agreement, unless he had violated its provisions or unlawfully refused to perform it.

It was important that Bartoner knew at the time of the contract the nature of George's title, for then the law presumes that Bartoner knew he could not get the title for the land unless George could take the land at the appraisement. Every man is charged with a knowledge of the law. 1 *Johns. Ch. Rep.* 516; 2 *Johns. Ch. Rep.* 51, 60.

If then Bartoner knew that George's ability to make a title to him depended on that contingency, and after George's elder brother took the land at the appraisement Bartoner received his money back from George before the commencement of this suit, it was an answer to this suit, and it was error to charge the jury that it made no difference whether Bartoner knew it and got back his money or not.

The court charged the jury that if George " did not, or could not" comply with his contract, then the plaintiff was entitled to recover damages. This part of the charge is inconsistent with equity; every act of the defendant below tended to a faithful performance of his agreement, until it became impossible to complete it. The disability did not proceed from any act or omission of the defendant; he was not liable for any damages under the circumstances of this case. The evidence adduced by the plaintiff then was clear, and not contradicted in the slightest degree, that Bartoner agreed with George to leave his damages, if any, to men, and received back the money advanced to George ; and they proceeded on that agreement and submitted their case to arbitrators. How then could Bartoner, contrary to his agreement, support an action on the original contract ?

No case can be shown where damages have been recovered for the non performance of a parol agreement for the sale of land in Pennsylvania, unless the contract had been substantially executed by the party claiming damages. In the case of Bell *v.* Andrews, 4 *Dall.* 152, the vendor had received the whole of the purchase money, and refused to convey or deliver possession. It was held in that case that the contract being executed by the vendee, and therefore not affected by the act of assembly for the prevention of frauds and perjuries, an action would lie to recover damages for the non performance of such an agreement. In the case of Ewing *v.* Tees, 1 *Binn.* 450, the contract was executed by the vendor by executing a deed and tendering the possession; and in this case the contract was in writing, signed by the party against whom the suit was brought.

In the case of Whitehead *v.* Carr, 5 *Watts* 368, it is said it is a

[George v. Bartoner.]

grave question, in what cases and under what circumstances an action will lie. If under the circumstances of the present case it be held that an action will lie to recover damages, it will be for the interest of the public that the points involved be decided.

*Kuhns,* for defendant in error, was stopped by the court.

PER CURIAM.—It is unnecessary to depend on Bell *v.* Andrews or Ewing *v.* Tees, for a consequence so plain as that an action may be maintained on an unexecuted parol contract for the purchase and sale of land. We have not re-enacted the fourth section of the 29 Ch. 2, c. 3, which forbids it ; and the provisions of the three first sections, condensed by our statute into one, merely operate upon the estate. We might as well doubt whether an action could be maintained on a parol contract of marriage. Should the jury attempt to enforce the contract by damages given as a penalty, it would be the duty of the court to prevent it, as in Irvine *v.* Bull, 4 *Watts* 287, where it appeared by the declaration that the contract had been *in part* executed. Here the action is in disaffirmance of the contract, and there is no doubt it can be sustained.

Judgment affirmed.