# Gackenbach *against* Brouse.

A parol antenuptial settlement by which the husband and wife agreed that the wife's chattels should continue hers notwithstanding the marriage, and they were so treated by him during the marriage, is binding at the decease of either or both, and the husband has no right of survivorship, nor does the intestate law affect them.

Declarations by the husband before and after marriage are evidence to show an antenuptial agreement for the wife's chattels.

ERROR to the Common Pleas of *Lehigh* county, in an action of trover brought by Jacob Gackenbach and others, administrators of George Shoemaker, deceased, against Charles Brouse, to recover various articles of personal property, consisting of money, a bond, wearing apparel, and furniture, in which a verdict and judgment were rendered for the defendant.

The plaintiffs claimed these articles as the property of George Shoemaker, deceased. The defendant claimed them under his mother, Susannah Brouse, late Susannah Shoemaker, and took possession of them after her death. It appeared in evidence that the articles were all the property of Susannah Brouse whilst she was a widow. She was afterwards married to the plaintiff's intestate, who died the day after her. There was no issue of this second marriage. The defendant alleged a parol agreement between them that the wife's personal estate should remain hers; and proved by several witnesses declarations made by George Shoemaker shortly before and after the marriage that he would have nothing to do with her property; he did not want any part of it, but only her; he had enough of his own for them both. She

[Gackenbach v. Brouse.]

declared she would give her things to her boys by her will, he saying he would not have any part of it. One witness, (a brother of the defendant), stated that Shoemaker said that witness's grandmother had written a letter to his wife, saying that she would marry away her property from her children; and that he had written back, that he would not have anything that belonged to her. This was said after marriage, but the letter must have been written before. He declared before marriage, in speaking of a clock and apples of his wife's, that they were not his. Another witness told him while his wife was ill, that he would have a good *erbschaft.* He said " no, we have it so far, that I will not have anything of hers, nor she of mine." It appeared that though he moved to his wife's residence after marriage, he never intermeddled with her property. After the marriage, he and his wife conveyed real estate to the defendant, situate in Lehigh county, subject to the wife's possession.

A bill of exceptions was taken, on the ground of its being out of order, to the defendant's cross-examining the plaintiff's first witness as to the deed above-mentioned, and another to a witness's mentioning what Shoemaker said about the letter.

The court below, (Banks, President), charged in favour of the defendant, and errors were now assigned.

*Davis,* for plaintiff in error, referred to 1 *Baldw.* 486; 3 *Whart.* 50, 63; 7 *Watts* 50.

*Gibons* and *King, contra,* cited 6 *Serg. & Rawle* 467; 2 *Dall.* 199; *Amb.* 565; 3 *Penn. Dig.* 530; 6 *Whart.* 571; *Clancy* 256, 263; 5 *Whart.* 142; 10 *Peters* 583.

Per Curiam.—A parol antenuptial settlement such as this, being in consideration of marriage which is a valuable one, is binding at the expiration of the coverture. No statute requires it to be in writing where the subject of the contract is the wife's chattels; and here it covers the whole case; for it precludes not only the husband's ownership during the coverture, but his right of survivorship at the dissolution of it. The provision of the intestate law was not designed for a case where the course of the property at the wife's death was marked out by a settlement. The existence of the contract was properly left to the jury as a fact of which there was evidence. There was no room for objection for want of mutuality, for the wife would be bound by the contract if she were a party to it; and there could be no such thing without her. The exceptions to evidence are not sustained.

Judgment affirmed.