Opinion delivered July 12, 1875, by
Walker, J.
The complainants in the bill ask for a special injunction to restrain the respondent from deterring, interfering, and preventing the congregation of the Evangelical Association of Eldred township (of which the complainants are the trustees) from worshiping in a certain new church edifice in that township. The bill alleges that the defendant erected the church on his own land in place of an old one about a mile off, at the cost of about $4700, for the purpose of public worship. That on the 25th of October, 1874, he dedicated it to divine worship, and called it Christ Church of the Evangelical Association of Eldred township, and that upon that day a collection of about $200 was taken up by the congregation to reimburse the defendant in part for his expenses in building the edifice besides work and material contributed for its erection— and that afterwards Isaac H. Hause, not a member of the aforesaid congregation, in consideration that the building was to be for public worship, executed and delivered a deed to the defendant for a small piece of ground for the purpose of temporarily accommodating the horses and carriages of persons attending church.
*55 The bill further sets forth that the defendant has the key to the building and keeps it locked up, and refuses to allow the complainants to have access to the same—that the complainants can unlock the door of the church, but are afraid of a breach of the peace. The injunction is therefore asked to restrain the defendant from interfering with them as the trustees of the association. Six affidavits support these facts. The answer of the defendant admits most of the material averments of the bill, but denied that he ever dedicated the edifice exclusively for the complainants, or ever relinquished his right to the entire control and possession of the building.
The answer further denies that the defendant built the new church *in lieu of the old oue which is still used and occupied by them. It admits that certain members of the Evangelical Congregation contributed labor and materials to the extent of about $150, and others in the neighborhood about $60 to the erection, and that about $200 was received by him in a collection on 25th October last. The answer further sets forth that he built the edifice upon his own land with his own money, and for his own use and for the use of the different orthodox denominations who desired to worship there. That he has always had possession of the key and the entire control of the church—that he has unlocked it for public worship and locked it after the close. That he has paid for the lighting and heating, the sweeping and cleaning of the building, and that he has received all the collections. That it is his own property and under his exclusive control.
The affidavit of George Heim, on the part of the defendant, is also upon these facts. From the evidence established by the bill, answer and other proofs—shall the injunction prayed for be granted ?
The granting of a preliminary injunction is always a high exercise of power—to be cautiously exerted—and it should clearly appear that there is no adequate remedy at law, and that irreparable injury will ensue. Brown’s Appeal, 12 P. F. S. 17 ; Audenried v. Philadelphia & R. R. Co., 18 P. F. S. 376.
If there be an adequate remedy at law, the injury is not irreparable. Clark’s Appeal, 12 P. F. S. 447.
*56 And there must be a clear necessity for its intervention. New Boston Co. v. Water Co., 4 P. F. S. 164.
It is to be resorted to only from a pressing necessity to avoid consequences which cannot be repaired under any standard of compensation. Mammoth Vein Appeal, 4 P. F. S. 183.
It cannot be used for the purpose of taking property out of the possession of one party and putting it into the possession of another. High on Injunctions, § 5; Farmers’ R. R. Co. v. Reno, 3 P. F. S. 224; Brown’s Appeal, 12 P. F. S. 17.
And it was never intended to take away the right of trial by jury where a wrong could be redressed by it. Clark’s Appeal, 12 P. F. S. 447 ; Gray v. Ohio and Penna. R. R. Co., 1 Gray, 412 ; Richard’s Appeal, 7 P. F. S. 105 ; Cummings et al. v. Barnett, 10 Cushing, 186.
These are the fundamental rules that govern the courts in granting injunctions. Besides the injunction asked for, though framed as restrictive on the face is mandatory in its terms. It could require the defendant to deliver the key and give up the possession of the church. This *ean only be done upon a final decree, when it becomes a judicial process. Audenried v. Philada. & R. R. R. Co., 18 P. F. S. 370 ; Phila. & Reading Coal and Iron Co. v. Taylor et al.
From the bill, answer, and affidavits in this case, the complainants’ right is not clear. There is no irreparable injury alleged or shown to exist, and they have a complete legal remedy. But they contend that the respondent having dedicated the church to divine service, and having made a gift for that purpose to the complainants and received a consideration, that he is estopped from setting up his title and retaining the possession of it.
These facts are denied ; but if these were so, the remedy of the complainants would be ejectment, not a preliminary injunction. Even if there was an absolute parol sale of the property, part payment of the consideration, and no delivery of possession given, it would be within the statute of frauds, and therefore void. Purdon’s Dig. 723, pl. 1, and note d ; Purdon’s Dig. 724, pl. 2 and notes ; Act 21 March, 1772.
This statute requires that every contract for an estate in land (exceeding a lease for three years) must be in writing; and though *57 the decisions of the courts have so far relaxed the requirements of the statute, as to hold that upon payment of part of the consideration and possession of the land and improvements made a parol sale may be enforced.
But exclusive possession is an indispensable ingredient. Pugh v. Good, 3 W. & S. 56; Wither’s Appeal, 14 S. & R. 185; Moore v. Small, 7 H. 461; Lauer v. Lee, 6 Wr. 165 ; McKaven v. McDonald, 7 Wr. 441; Richards v. Elwell, 12 Wr. 361; Haslet v. Haslet, 6 Watts, 464; McGibbeny v. Burmaster, 3 P. F. S. 332; Ebert v. Wood, 1 Binney, 216 ; Milliken v. Dravo, 17 P. F. S. 230; Syler v. Eckhart, 1 Binney, 378; Dougan v. Blocher, 12 Harris, 28 ; Weir v. Mundell, 3 Brewster, 594.
And the possession must be in consequence of the agreement. Washabaugh v. Entriken, 12 Casey, 513 ; Jones v. Peterman, 3 S. & R. 543; Chisty v. Barnhart, 2 Harris, 260.
If there was a sale by parol, there certainly was no possession given. It is contended that if there is a dedication to public or religious use, which is favored in Pennsylvania, possession is not necessary, and the following authorities are relied upon by the complainants, to wit: McLain v. White tp., 1 P. F. S. 196 ; High on Injunctions, § 241; Beaver v. Filson, 8 Barr, 327 ; Martin v. McCord, 5 Watts, 493; Beatty v. Kurtz, 2 Peters, 566.
But in all these cases possession accompanied the sale, and they fall within the rule before stated. If the defendant agreed to allow the plaintiffs to worship in the edifice and received a consideration therefor, the remedy of the complainants is for damages. Bell v. Andrews, 4 Dallas, *152 ; Ewing v. Tees, 1 Binney, 450; George v. Bartoner, 7 Watts, 530; Hastings v. Eckley, 8 Barr, 197 ; Bowser v. Cessna, 12 P. F. S. 148. But these points it is unnecessary to determine, as it can only come up on a final decree. What is now decided is that the plaintiffs have failed to establish clearly that they are entitled to a preliminary injunction. For these reasons I think the injunction should be denied.
Injunction refused.