# Besterman, Appellant, *v.* Besterman et al.

*Husband and wife—Gifts—Revocation—Evidence.*

1. A husband may make a gift of real or personal property to his wife or to the woman he proposes to marry.

2. In the absence of a trust imposed or circumstances indicating fraud or deceit, the title and ownership of the wife in such real or personal property are good and cannot be disturbed.

Argued Jan. 10, 1919. Appeal, No. 52, Jan. T., 1919, by plaintiff, from decree of C. P. No. 3, Philadelphia Co., June T., 1916, No. 4805, in Equity, dismissing plaintiff's bill in the case of Harry Besterman v. Sarah Besterman

et al.   Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ.   Affirmed.

Bill in equity by husband against wife to have her declared a trustee of money and real estate given to her before and after marriage.   Before FERGUSON, J.

The court dismissed the plaintiff's bill.

The court made the following findings of fact and conclusions of law:

### FINDINGS OF FACT.

On the bill, answer and proofs, the court finds the following facts:

1. Plaintiff was a boxer and gained his livelihood in fistic encounters.   He began his career at an early age and as a result of accidents finally quitted activities of the sort in the year 1914.   He had known the defendant for some time, and in January, 1908, they were married privately in New York, and publicly, by Jewish ceremony, in Philadelphia on June 3, 1909.

2. Having considerable success during the time of his active career as a fighter, the plaintiff was liberal with the money he received.   From time to time he made gifts to his wife, who appears to have been of a frugal mind, and saved a part of what was given to her.   At the time the bill was filed in this case she had on deposit in several banks in Philadelphia the sum of $2,204.01.

3. The defendant had no money before the marriage and what she has in bank represents the residue of what was given to her by the plaintiff.

4. The total amount given to defendant by plaintiff is uncertain.   It did not amount to the sum of $70,000, alleged in the bill, but was very much less.   The plaintiff, feeling some elation over the success of his fights, generously made gifts to his wife without conditions or limitations.

5. On the day of the marriage the plaintiff executed and delivered a deed to the defendant, conveying to her premises No. 1624 South Twentieth street, Philadelphia. The title to this property has remained in the defendant since that date.

She has received the rents, and the repairs and other charges have been paid for by her or by her agent out of the rents. The agent also, for a time, paid out of the rents certain building association dues which stood in the name of the plaintiff.

6. This conveyance was a gift made in contemplation of marriage, and no conditions or limitations were placed upon it, and no trust was imposed.

7. In August, 1916, the plaintiff and defendant became estranged, and since that time have been living apart from each other.

8. The defendant, after the plaintiff's career as a boxer ended, used a part of the money she had saved from the living expenses of herself and the plaintiff.

9. Until the parties became estranged no demand was made by the plaintiff on the defendant for a return of the money she had in bank or for a reconveyance of the house on Twentieth street.

### CONCLUSIONS OF LAW.

1. A husband may make a valid gift of real or personal estate to his wife or to the woman he proposes to marry.

2. In the absence of a trust imposed or circumstances indicating fraud or deceit, the title and ownership of the wife in such real or personal estate is good and cannot be disturbed.

3. The bill should be dismissed.

*Errors assigned* were refusal to affirm certain requests for findings of fact, rulings on admissibility of evidence, and the decree of the court.

*Abraham Wernick,* for appellant.

*Sundheim, Foltz & Fleisher,* for appellee, were not heard.

PER CURIAM, February 17, 1919:

We find nothing in the fifty-nine assignments of error calling for a disturbance of this decree, and it is affirmed, at appellant's costs, on the nine facts found and the three legal conclusions reached by the learned chancellor below.