# Keck *v.* Vandyke, Appellant.

*Appeals—Statement of questions involved.*

1. The scope of an appeal is limited to the points specified in or suggested by the statement of questions involved.

*Appeals—Assignments of error—Findings of fact.*

2. Where a finding of fact by the court below is not assigned as error, it must be treated as conclusively established, and will be given its full weight, when considering the question raised on an appeal from the order, judgment or decree in the particular case.

*Trusts and trustees — Resulting trust — Real estate purchased with money of another—Act of April 22, 1856, P. L. 532—Possession—Evidence—Deeds—Extrinsic trust — Laches — Equitable proceedings—Maxims—Cessante ratione legis, etc.*

3. Monetary assets of a business, used in the purchase of real estate, must be considered as having belonged to the owner of the business, unless, prior to or at the time of the purchase, he transferred the money to, or set it apart for, the benefit of a third party.

4. In the absence of other controlling circumstances, where one person's money pays for real estate, but title is taken in the name of another, a resulting trust arises in favor of the former.

5. A resulting trust is enforceable in favor of one whose money pays for real estate, if within five years after the right of entry accrued, the cestui que trust entered into possession of the realty. The requirements of section 6 of the Act of April 22, 1856, P. L. 532, 533, are fully met by entry into possession within that period of time.

6. Everything necessary to be proved in order to justify the court in finding that an equitable title to real estate exists in favor of one who is not the grantee in the deed for it, must be shown by evidence which is clear, precise and unequivocal, for thereby it is attempted to write extrinsic trust provisions into a deed which is absolute on its face.

7. But when, by the proper character of evidence, the resulting trust has been established, possession by the cestui que trust need only be proved by satisfactory evidence thereof.

8. Laches will not be imputed to one in peaceable possession of land, because of delay in resorting to a court of equity to establish his right to the legal title. His possession is notice of his equitable rights, and he need only assert them when occasion demands.

Argued March 12, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 19, March T., 1928, by defendant, from decree of C. P. Westmoreland Co., No. 1253, In Equity, on bill in equity, in case of J. E. Keck et al. v. George N. Vandyke. Affirmed.

Bill for conveyance of real estate. Before COPELAND, P. J.

The opinion of the Supreme Court states the facts.

Decree for plaintiffs. Defendant appealed.

*Error assigned,* inter alia, was decree, quoting record.

*H. K. Siebeneck,* with him *Albert H. Bell, George P. Kountz* and *H. J. Rectenwald,* for appellant.—Evidence requisite to establish a resulting trust must be "clear, precise and unequivocal": Door v. Leippe, 286

Pa. 17; Jourdan v. Andrews, 258 Pa. 347; Washington's Est., 220 Pa. 204; Von Storch v. Von Storch, 196 Pa. 545; Silliman v. Haas, 151 Pa. 52.

A resulting trust is raised from payment of the purchase money when the title is acquired: Barnet v. Dougherty, 32 Pa. 371; Buckwalter Stove Co. v. Edmonds, 283 Pa. 236; Musselman v. Myers, 240 Pa. 5; McCloskey v. McCloskey, 205 Pa. 491.

The five-year limitation as to enforcing resulting trusts, provided by the act of 22 April, 1856, P. L. 432, Sec. 6, bars this proceeding, since no possession was taken within five years after the right of entry accrued: Clark v. Trindle, 52 Pa. 492.

*R. W. Smith*, of *Smith, Best & Horn*, with him, *P. K. Shaner*, for appellees, cited: Hallstead v. Coleman, 143 Pa. 352; Ryder v. Jacobs, 182 Pa. 624; Kaufmann v. Kaufmann, 222 Pa. 58.

OPINION BY MR. JUSTICE SIMPSON, April 9, 1928:

Defendant appeals from a decree in equity requiring him to convey to plaintiffs the legal title to a property, standing in his name, but as to which it was decided that a resulting trust existed in their favor. Both in his statement of the questions involved (which limits the scope of the appeal: Furman v. Broscious, 268 Pa. 119; Slemba v. Hamilton & Sons, 290 Pa. 267), and in his brief of argument, appellant presents four points for our consideration, three of which are unimportant in view of the facts not disputed on this appeal, and the fourth is: Does sec. 6 of the Act of April 22, 1856, P. L. 532, 533, bar the claim, since possession was not taken within five years after the right of entry accrued?

Plaintiffs averred that the purchase price of the property in dispute was paid by their father, through whom they claim, and defendant alleged that the sum thus paid came from the assets of a firm in which he and the father were partners, and "was not equal to the amount

of accumulated profits [defendant] then had in the said firm." The court below resolved this issue by finding, as a fact, that defendant was not a partner in the business, but "was an employee only." That finding is not assigned as error, and the fact thus found, is, therefore, conclusively determined to be true, when considering this appeal: Wright v. Barber, 270 Pa. 186. It is a matter of no moment, even if it be so, that defendant's compensation, as such employee, was to be measured by a percentage of the gross sales or the net profits of the business, in the absence of averment and proof,— and here neither appeared,—that the money which paid for the property had, prior to or at the time of the purchase, been transferred to or set apart for the benefit of defendant. Until thus segregated, all the firm money belonged to plaintiffs' father, as sole owner of the business. It follows that a resulting trust arose in favor of the father (Lynch v. Cox, 23 Pa. 265; Casciola v. Donatelli, 218 Pa. 624; Epstein v. Ratkosky, 283 Pa. 168); and, this being so, admittedly it now vests in plaintiffs, unless the right was lost because of a failure to comply with the requirements of sec. 6 of the Act of 1856, supra.

This section provides that "no right of entry shall accrue or action be maintained......to enforce any implied or resulting trust as to realty, but within five years after such......trust accrued, with the right of entry, unless such......trust shall have been acknowledged by writing to subsist by the party to be charged therewith within the said period." In Clark v. Trindle, 52 Pa. 492, 495, speaking by Justice THOMPSON, we said: "The word 'with right of entry' at the end of the clause I esteem as material to be considered in construing it. The expression evidently means, I think, that, if there be neither entry nor possession taken by the party, in whose favor the trust results, within five years after it accrues, and no acknowledgment in writing, the trust cannot thereafter be asserted in law

against the trustee. It means this or nothing, and we may not urge the latter, if the words are susceptible of a definite meaning......Every possession, where there is title, is supposed to be in subordination to it. It is notice of title to all the world, and most clearly so to the trustee. If the statute was intended to bar stale and secret claims against legal titles, as it undoubtedly was, it is wide of that purpose to apply it to cases in which, as between the parties, it is neither; but in a state of execution daily and hourly, as must be the case where possession and enjoyment is in exact accordance with the trust......We think that neither in the words, nor by interpretation, founded on the mischief to be prevented by the statute, is a case within it where the cestui que trust has possession and occupancy during the period in which the statute is running. If the statute had begun to run this would stop it." To the same effect are McLaughlin v. Fulton, 104 Pa. 161; White v. Patterson, 139 Pa. 429; and Miller v. Baker, 166 Pa. 414.

From ample evidence, the court below found, as a fact, that plaintiffs' father entered into possession of the property within five years after the right of entry accrued, that is, within five years after the death of a life tenant, who was in possession at the time the deed to defendant was executed and whose title was not conveyed by that deed; and that the possession of plaintiffs' father, their mother, who had a life estate under the father's will, and plaintiffs themselves, who were devisees in remainder, has been continuous since that time. But, says defendant, there was also uncertain testimony by plaintiffs' own witnesses, as to the time when possession was first taken, and hence the proof fell short of the "clear, precise and unequivocal" evidence required in this class of cases. The evidence which the court below believed, and on which it based its finding of possession duly taken, was of the character required, and hence the fact thus found is conclusive

on this appeal, irrespective of objections which might be made to any other evidence. Moreover, on the point now under consideration, that strictness of proof was not required. Everything necessary to be proved in order to establish the fact that the equitable title did not accord with the legal title, as expressed in the deed, had to be shown by evidence of the character stated, for, so far as concerns such matters, the attempt was to write extrinsic trust provisions into a deed which is absolute on its face, and hence the strict rule relating to the alteration of written instruments should be applied. In what we are now considering, no such attempt was made, and no writing was sought to be altered; hence, the reason for the rule not existing, the rule itself is not applicable: cessante ratione legis, cessat ipsa lex.

What has been said answers also appellant's contention that appellees are barred by their laches. "Laches will not be imputed to one in peaceable possession of land for delay in resorting to a court of equity to establish his right to the legal title. The possession is notice to all, of the possessor's equitable rights, and he need only assert them when he may find occasion to do so": White v. Patterson, 139 Pa. 429, 438; Master v. Roberts, 244 Pa. 342.

The decree of the court below is affirmed and the appeal is dismissed at the cost of appellant.