## Quinn *v.* Gormley, Appellant.

Argued December 4, 1930.    Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SADLER, SCHAFFER and MAXEY, JJ.

*John C. Gilpin,* with him *Graham & Gilfillan,* for appellant.—Plaintiff is estopped: Miller's License, 13 Pa. Superior Ct. 272; Donmoyer's License, 9 Pa. C. C. R. 303; Garber v. Doerson, 117 Pa. 162; McVey v. Brendel, 144 Pa. 235; Comstock v. Thompson, 286 Pa. 457.

The evidence for plaintiff is not clear, precise and unequivocal: Earnest's App., 106 Pa. 310; Keck v. Vandyke, 292 Pa. 532; Jourdan v. Andrews, 258 Pa. 347.

The statute of limitations bars the claim: Keck v. Vandyke, 292 Pa. 532.

*Raymond A. White, Jr.,* for appellee.—Plaintiff is not estopped from requesting her rights in the court of equity: Comstock v. Thompson, 286 Pa. 457; Dempster v. Baxmyer, 231 Pa. 28; Clark v. Trindle, 52 Pa. 492; Keck v. Vandyke, 292 Pa. 532; Burke v. Harkins, 296 Pa. 414.

OPINION BY MR. JUSTICE SIMPSON, January 5, 1931:

Defendant appeals from a decree of the court below declaring that she holds title to Nos. 200 and 202 East Allegheny Avenue in the City of Philadelphia, in trust for plaintiff, to whom defendant is directed to convey

the properties. The assignments of error do not allege error in the findings or failure to find facts, but only challenge the court's conclusions of law. Under such circumstances, the decree will be affirmed unless there is some specified error of law, growing out of the facts as found, which error, as a legal question only, compels a reversal or modification of the decree. We do not find any such error in this record.

The important findings of fact, briefly stated, are as follows: On March 28, 1916, plaintiff purchased the properties referred to, and, with her own money, paid the entire consideration, over and above the encumbrances. She applied for title insurance in her own name, but, shortly before the date fixed for settlement, she was induced by one Ferguson, a supposed friend of her husband, to have the title put in the name of defendant, who was his sister-in-law, "to hold in trust" for plaintiff, because, as stated by him, if she took title in her own name, her husband's creditors might obtain judgments against him and levy on the property, thereby causing her much trouble and expense. "There is no evidence that this was meant for or used as a deception or fraud upon anybody," and the husband's creditors were not defrauded, but were in fact paid. Ferguson's intention in suggesting the course pursued, was, however, "to create a situation whereby some day he might point to the fact [referred to], which he hoped would show unclean hands upon the part of this plaintiff," thereby enabling "him to succeed with his trickery to the point of defeating this plaintiff and making off with all her life savings." At the time title was taken in defendant's name, Ferguson agreed to have a writing executed by her setting forth the trust in favor of plaintiff, but always put off doing so, and it never was done. Immediately succeeding her purchase, plaintiff and her family entered into actual possession of the corner property (No. 200) and have held such possession ever since. She also

had a tenant for No. 202, and collected and used the rent thereof for her own purposes, at all times paying "the taxes, interest on encumbrances, water rent and all charges" against the properties. Defendant knew nothing about either property, paid nothing on account of their purchase price, and collected and received nothing on account of either. Though called as a witness, she did not say "that she put up any of the money to purchase these properties, or that at any time she received any income from them or paid any of the carrying charges." On at least one occasion she publicly admitted that the properties were to be conveyed to plaintiff.

Under the facts thus epitomized, all of which are unchallenged and hence must be accepted as true, the court below could not have decreed otherwise than as it did. Plaintiff's payment of the purchase money, without more, raised a clear resulting trust in her favor, entitling her to have the properties transferred to her on demand (Casciola v. Donatelli, 218 Pa. 624; Epstein v. Ratkosky, 283 Pa. 168), and her entry into immediate possession, personally as to one property and by her tenant as to the other, operated to prevent the five years' limitation, specified in section 6 of the Act of April 22, 1856, P. L. 532, 533, from even beginning to run as against her: Clark v. Trindle, 52 Pa. 492; Keck v. Vandyke, 292 Pa. 532.

What has been said really disposes of the entire case, but, perhaps, a brief, specific reference should be made to two points. One of appellant's assignments avers that the court below erred in not deciding that "plaintiff's claims are not supported by evidence which is clear, precise and unequivocal." This requirement regarding the character of proof to be educed in this class of cases, does not mean that the evidence to support the trust must be uncontradicted: Walker v. Walker, 254 Pa. 220. If it did, ignorance, interest or perjury might always operate as a bar to the establish-

ment of such trusts. It simply means that the facts, relied on to establish them, must be proved by evidence which is "clear, precise and unequivocal." As the assignments of error do not challenge any of the findings of fact, perhaps their epitomization above set forth would sufficiently answer this objection. It may not be amiss to add, however, that it was expressly found, and was said by the chancellor to be *clearly* established, that it was plaintiff's money which paid for the properties, as well the hand money as that paid on final settlement, and none of it was contributed by or for defendant.

The other point referred to was the refusal of the court below to reopen the adjudication, on application of defendant, to enable her to produce and offer in evidence a check which she alleged had been mislaid, and was not discovered in time to be offered at the trial, but which, if produced, would have tended to corroborate her defense. If it had been admitted, it would, at most, have been only cumulative evidence, and hence the action of the court below was not a manifest abuse of discretion, without which we do not reverse because of such a refusal: Camp v. Allegheny County, 263 Pa. 276; Boggs v. Jewell Tea Co., 266 Pa. 428.

The decree of the court below is affirmed and the appeal is dismissed at the cost of appellant.