Semenza, Appellant, *v.* Alfano, Appellant.

Argued January 12, 1971. Before JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*William A. Degillio,* for plaintiff.

*Charles J. Bufalino, Jr.,* with him *Charles J. Bufalino, Sr.,* for defendant.

OPINION BY MR. JUSTICE O'BRIEN, June 28, 1971:

Anthony J. Semenza (Anthony) and Carmella P. Alfano (Carmella) were once married to each other. Their divorce on February 23, 1961, did not terminate their relationship. Apparently their marriage foundered on economic difficulties. Subsequent to their divorce, Anthony's business prospered and the couple

began to discuss the possibility of remarriage. In September of 1964, Carmella let Anthony know that if he were to "put a roof over her head and that of their son" she would remarry him. This was what Anthony wanted to hear. He wasted no time in making a $1,000 downpayment on a home a few days later. The couple received a deed on October 5, 1964, reciting a consideration of $26,500 and naming "Anthony J. Semenza and Carmella P. Alfano" as the grantees. Anthony advanced his own funds in an amount sufficient to make up the difference between the purchase price and closing costs and the $18,000 which he borrowed on a mortgage payable in monthly installments over a twenty-year period.

The re-establishment of the family unit died before it began. Although Anthony had paid all of the taxes and made all of the mortgage payments, he had not paid the persons with whom Carmella had arranged to decorate and furnish the home. When Carmella learned this, she changed her mind. The marriage was off. But Carmella's name was still on the deed.

Anthony filed a complaint in equity wherein he sought to require Carmella to reconvey to him her interest in the house which he had purchased but with her as one of the co-tenants on the deed. After taking testimony, the chancellor found that the transfer of the property to Carmella was a conditional gift and decreed that Carmella must reconvey her individual one-half interest in the real estate to Anthony. Both parties filed exceptions which were dismissed and the decree nisi was entered as a final decree; both parties appealed.

We need not deal with Anthony's appeal, which seems to be concerned with alleged errors by the chancellor in not accepting his theory of the case that Carmella perpetrated a fraud upon Anthony, unjustly

enriching herself by using undue influence and taking advantage of a confidential relationship. Our decision today makes Anthony's appeal moot.

The chancellor's decree was based on the rule of antenuptial conditional gifts expounded in 28 C.J. 651 and most recently stated in *Pavlicic v. Vogtsberger,* 390 Pa. 502, 136 A. 2d 127 (1957), where we quoted our opinion in *Stanger v. Epler,* 382 Pa. 411, 415, 115 A. 2d 197 (1955): "A gift to a person to whom the donor is engaged to be married, made in contemplation of marriage, although absolute in form, is conditional; and upon breach of the marriage engagement by the donee the property may be recovered by the donor." Carmella argues that *Pavlicic* is totally inapplicable since it involved the transfer of personal property. Instead, it is Carmella's contention that since the chancellor expressly found no fraud and no confidential relationship, the admission of parol evidence to show that the transfer of real estate was a conditional gift violates the Statute of Frauds.

We do not agree. The promise to return an antenuptial gift made in contemplation of marriage if the marriage does not take place is a fictitious promise implied in law. There need not be any promissory assent, either written or unwritten. Consequently, the Statute of Frauds does not apply to such promises. See 37 C.J.S. 229. In the words of Section 2 of Pennsylvania's Statute of Frauds, Act of April 22, 1856, P. L. 532, §4, 33 P.S. §2: ". . . [W]here any conveyance shall be made of any lands . . . by which a trust . . . shall . . . arise . . . by implication . . . of law . . . then and in every such case such trust . . . shall be of the like force and effect as if this act had not been passed."

The case cited by Carmella, *Besterman v. Besterman,* 263 Pa. 555, 107 Atl. 323 (1919), does not deal with an antenuptial gift and is, therefore, not in point.

As we wrote in *Truver v. Kennedy,* 425 Pa. 294, at 305, 229 A. 2d 468 (1967), quoting from Justice CAR-DOZO, in *Beatty v. Guggenheim Exploration Co.,* 225 N.Y. 380, 122 N.E. 378 (1919), "A constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest equity converts him into a trustee." The receipt of an antenuptial gift in contemplation of a marriage which never takes place is just such a circumstance.

We agree with the court en banc's opinion: ". . . [W]e find it most difficult to believe, under the circumstances here present, that a former husband of limited income would purchase a $28,000.00 home for himself and his former wife, mutually agree as to decor and furnishings, only for the purpose of providing the former wife with a gift, as defendant would have us believe."

Decree affirmed. Each party to bear own costs.

Mr. Chief Justice BELL took no part in the consideration or decision of this case.

———

CONCURRING OPINION BY MR. JUSTICE JONES:

I concur in order to amplify the majority's statute of frauds discussion and to consider an analogous issue not addressed by the majority. In my view, the majority should discuss not only the statute of frauds provision concerning an interest in land but also that section requiring that agreements made upon consideration of marriage be in writing. Moreover, although related to the first statute of frauds issue, problems with the parol evidence rule merit discussion.

Quite candidly, my comments on that section of the statute of frauds requiring agreements made upon con-

sideration of marriage to be in writing are designed to proclaim the early wisdom of both this Court and the General Assembly of this Commonwealth. This provision was enacted by the British Parliament in 1677, 29 Car. 2, c. 3, §4, and was adopted, either legislatively or judicially, by every jurisdiction in these United States except one—Pennsylvania. *See,* 2 Corbin, §§460-66 (1950); Annot., 75 A.L.R. 2d 633 (1961). Indeed, this Court has even refused to recognize this concept. *Barnes v. Black,* 193 Pa. 447, 44 Atl. 550 (1899); *Flory v. Houck,* 186 Pa. 263, 40 Atl. 482 (1898); *Lant's Appeal,* 95 Pa. 279 (1880); *Gackenbach v. Brouse,* 4 Watts & S. 546 (1842); *George v. Bartoner,* 7 Watts 530 (1838). *See, generally,* Annot., 10 A.L.R. 321, 336 (1921).

In light of the fact that the court below permitted Anthony to prove that the consideration for the deed was Carmella's oral promise to marry him, the question then becomes whether this Court should adopt the general rule and consequently reverse the court below since no such agreement is recited on the face of the deed. Precisely at this point it is particularly relevant to note that in 1954 the British Parliament repealed this section. Law Reform (Enforcement of Contracts) Act, 1954, 2 & 3 Eliz. 2, c. 34. *See, generally,* Note, 68 Harv. L. Rev. 383 (1954). Since the jurisdiction which spawned this legislation has reversed its thinking, it may be anticipated that other jurisdictions in these United States will follow suit in the future.

In this same manner, the introduction of parol evidence would not violate that section of the statute of frauds relating to interests in land. As well stated by Professor Corbin: "The English statute, however, expressly excepted from its provisions requiring a writing all those trusts that are created by implication or

construction of law; and American statutes do the same. . . . That such an exception is necessary for the administration of justice can not be doubted. Without such an exception by statute, the courts must themselves have invented one, or the statute would not long have survived. It could not be endured that a promisor should be permitted to hide behind a statute and reap the benefits of his chicane and fraud, or, even in the absence of any fraud, to hide behind the statute and enjoy the benefits of the other party's performance while repudiating his own duty. His repudiation may be a part of an antecedently laid plan to defraud the other party, or it may be merely an afterthought by which he may retain something for nothing. In either case, no system purporting to be a system of justice can fail to require restitution, either specific or in a money equivalent, unless it goes farther and enforces the defendant's express promise itself. Courts of equity used the device of a constructive trust, generally to compel such restitution, but sometimes to enforce the express promise of the defendant. When consciously used for the latter purpose, it may seem to involve a judicial disregard of the express words of the statute, but when used to compel restitution only it is within the express words of the statutory exception, and refusal of relief would be in disregard of the statute." 2 Corbin §401 (1950). Accordingly, no error can be predicated upon either provision of the statute of frauds.

Although there are significant differences between the statute of frauds and the parol evidence rule, *see* 3 Corbin §575 (1960), there is no violation of the parol evidence rule in the instant factual posture of the record. In my opinion, the instant appeals are governed by the rule that where a husband purchases real estate or personal property with his own funds and

places it in his wife's name or transfers such property to his wife without consideration, there is a factual presumption that a gift was intended which can only be rebutted by clear, explicit and unequivocal—though not necessarily uncontradicted—evidence. *See, e.g., Shapiro v. Shapiro*, 424 Pa. 120, 224 A. 2d 164 (1966); *Chambers v. Chambers*, 406 Pa. 50, 176 A. 2d 673 (1962); *Lapayowker v. Lincoln College Preparatory School*, 386 Pa. 167, 125 A. 2d 451 (1956); *Christy v. Christy*, 353 Pa. 476, 46 A. 2d 169 (1946); *Katz v. Katz*, 309 Pa. 115, 163 Atl. 214 (1932). Whether a reconveyance or a constructive trust or a resulting trust was employed to remedy the situation, the admission of parol evidence was permissible. Indeed, we specifically held in *Lapayowker* that parol evidence was admissible in order to establish a resulting trust. 386 Pa. at 175-76, 125 A. 2d at 456. To my way of thinking, this rule should not be altered merely because a resulting trust rather than an outright reconveyance is utilized. *See, Christy v. Christy*, 353 Pa. 476, 46 A. 2d 169 (1946). Accordingly, I concur and would affirm the decree of the court below.