WOOD, J.,
I heard testimony and argument in the above matter on October 17, 1990. I now make the following
FINDINGS OF FACT
(1) Plaintiff and defendant are the owners as tenants in common of real estate known as 403 Brookfield Way, Willistown Woods, West Chester, Chester County, Pennsylvania 19380.
(2) Prior to the purchase of the real estate, plaintiff and defendant had planned to be married. They purchased the subject real estate pursuant to that intention, anticipating that following marriage they would own the premises as tenants by the entireties.
(3) In anticipation of the purchase, they entered into a rental agreement for the premises, and defendant, and one or perhaps both of her children moved into the premises prior to settlement date. The evidence is not clear, but it appears that each paid a portion of the rent on the premises prior to settlement.
(4) Settlement was held on October 18, 1985, and the deed produced by that settlement was recorded *587 in the Office of the Recorder of Deeds of Chester County in Record Book 113, page 310 et seq.
(5) The parties committed themselves to a mortgage of $53,000; the balance of the purchase price and settlement costs, which came to $46,692.88, was paid as follows: $11,500 by defendant, and $35,192.88 by plaintiff. 1
(6) Following settlement, the parties bore the mortgage and carrying expenses of the premises equally.
(7) Also following settlement defendant’s sons, who lived at the premises off and on, paid her occasional amounts of money. These amounts appear not to have been rent so much as reimbursement for expenses.
(8) Over the months following settlement, differences developed between the parties, and they terminated their plans for marriage.
(9) Plaintiff now seeks partition of the premises.
DISCUSSION
The issue in this case is not so much whether partition should be ordered, but what should be done with the proceeds of a partition sale of the premises. Plaintiff’s view appears to be that any proceeds should be divided up according to the ratio of their respective investments in the property, which he computes at approximately 75/25 in his favor. Defendant suggests that any proceeds should be divided between the parties 50/50, but also suggests as a feasible alternative that each get back the amount of their investment and then share any excess equally between themselves.
This third alternative appeals to me. I have read a number of cases on the subject, including Preshner v. Goodman, 83 D.&C. 387 (1952), which was cited *588 by counsel; Rankin v. LaFountain, 36 Chester L. Rep. 299 (1988), which I myself decided sometime back; and Semenza v. Alfano, 443 Pa. 201, 279 A.2d 29 (1971), which I cited in the Rankin case. None of them are terribly helpful. Preshner discusses the issue of fault in breaking an engagement, and I cannot say in this case that either party was clearly at fault. Both Rankin and Semenza start with the premise that the prospective bridegroom paid virtually all the purchase price, and although plaintiff paid the bulk of the purchase price in this case, I think it would be inequitable not to recognize that both contributed substantial funds towards this purchase.
Since there appears to be no firm precedent covering this situation, I am inclined to believe that I should first order that each party gets back his or her investment, as gifts made in contemplation of marriage, and that anything over and above that should be divided equally between them, because they themselves were and have been paying the carrying charges equally since settlement. It is unclear in my mind whether I should tack interest on top of the return of the gifts paid in contemplation of marriage, but since we are talking about return of gifts rather than the normal legal obligation, I will not award interest.
CONCLUSIONS OF LAW
(1) The court has jurisdiction.
(2) The real estate in question cannot be divided between the parties without prejudice to or the spoiling of the whole.
(3) Partition is an appropriate remedy in this case, and will be awarded, and from the proceeds of any public sale of the premises, plaintiff will receive *589 $35,192.88 and defendant will receive $11,500, and the parties will thereafter share equally any net proceeds over and above that amount.
DECREE
And now, November 14, 1990, I direct that the parties arrange for public or private sale of the premises by whatever means they can agree upon, the proceeds of such sale to be divided as set forth above. If the parties cannot, within 30 days of the date of this decree, agree on a means of public or private sale, I will on motion of either party to these proceedings appoint a master in partition, who will proceed to sell the property as provided by law.